In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00012-CR**
_____

**KEATON TRACE CREEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B150093-R**

**MEMORANDUM OPINION**

Appellant Keaton Trace Creel appeals the trial court's judgment adjudicating him guilty of aggravated robbery. In one issue on appeal, Creel complains that the trial court erred by denying his motion to withdraw his pleas of "true" to the alleged violations in the State's motion to impose guilt. We affirm the trial court's judgment.

BACKGROUND

Creel pleaded guilty to aggravated robbery, and the trial court placed him on deferred adjudication community supervision for ten years. Subsequently, the State

1

filed a motion to revoke Creel's community supervision and to impose guilt, alleging that Creel had violated eight conditions of his community supervision. Specifically, the State alleged that on September 27, 2019, Creel possessed and consumed alcohol and committed the offense of driving while intoxicated; on September 29, 2019, Creel traveled to Louisiana without obtaining permission, went to a bar, associated with a person previously convicted of a crime, and committed the offense of public intoxication; on September 30, 2019, Creel tested positive for clonazepam and cocaine; and Creel failed to complete his community service. The trial court conducted a hearing on the State's motion to impose guilt, and Creel pleaded "true" to all eight of the State's allegations.

After Creel entered his pleas, the trial court granted Creel's motion to substitute counsel. Creel's new counsel filed a motion to withdraw Creel's pleas of "true," arguing that Creel's plea of "true" to the DWI allegation was involuntary because the charge was refused by the district attorney's office. The trial court conducted a hearing on Creel's motion, during which defense counsel asked the trial court to allow Creel to withdraw all his pleas so counsel could investigate the merits of the allegations. The trial court denied Creel's motion.

The trial court conducted a hearing on the State's motion to impose guilt, during which Creel testified that while he was under community supervision, he "slipped up." Creel admitted that he had consumed alcohol and was arrested for

2

driving while intoxicated on September 27, 2019. Creel also admitted that he went to a strip club in Louisiana with a convicted felon and used cocaine, and that he was arrested for public intoxication.

The trial court found that based on Creel's pleas of "true" to the violations, each of the violations in the State's motion to impose was "true." After considering the scope of the violations and Creel's admissions, the trial court revoked Creel's probation, found Creel guilty of aggravated robbery, and assessed Creel's punishment at twenty years of confinement.

ANALYSIS

In his sole issue, Creel argues that the trial court abused its discretion by denying his motion to withdraw his pleas of "true" to the alleged violations in the State's motion to impose guilt. According to Creel, the trial court should have allowed him to withdraw his pleas because he made a timely request prior to the closing of evidence and before the trial court took the case under advisement and imposed guilt.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). A trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). If

3

a single ground for revocation is supported by a preponderance of the evidence, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). A plea of "true" to an alleged violation of a condition of community supervision is sufficient to support the revocation of community supervision and adjudicate guilt. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim App. [Panel Op.] 1979). An oral admission of a violation of probation terms is also sufficient to revoke probation. *See Gamble v. State*, 484 S.W.2d 713, 715 (Tex. Crim. App. 1972).

Although Creel argues that this Court should apply case law addressing the withdrawal of guilty pleas to the withdrawal of his pleas of "true," unlike a guilty plea case, a trial court is not required to allow a defendant to withdraw a plea of "true" in a proceeding to adjudicate guilt. *See Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003); *Cole*, 578 S.W.2d at 127-28. Even if the law supported Creel's contention, the error would be harmless because the court's judgment adjudicating Creel guilty of aggravated robbery was not based solely on Creel's pleas of "true," but also on Creel's testimony, during which he admitted violating several conditions of his community supervision. *See Wilson v. State*, 515 S.W.2d 274, 275 (Tex. Crim. App. 1974); *Gamble*, 484 S.W.2d at 715. The evidence presented at the revocation hearing, namely Creel's admissions, was sufficient to prove by a preponderance of the evidence that he violated his community

4

supervision by consuming alcohol, traveling to Louisiana without obtaining permission, and by going to a strip club with a convicted felon. Since the evidence establishes that Creel violated the terms and conditions of his community supervision, the trial court did not abuse its discretion by revoking his community supervision. *See Cardona*, 665 S.W.2d at 493; *Sanchez*, 603 S.W.2d at 871. We overrule Creel's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on March 18, 2021
Opinion Delivered May 5, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.